## D. N. WHEELER v. SWAN OLSON.

FILED SEPTEMBER 20, 1893.   No. 5265.

1. **Motion for New Trial:** AFFIDAVITS: BILL OF EXCEPTIONS: REVIEW. Upon the consideration of a motion for a new trial where there were used several affidavits, and the clerk of the court wherein the trial was had having identified said affidavits, and counsel for the respective parties having stipulated that the foregoing (affidavits) contained all the evidence offered on either side on the motion for a new trial, and counsel upon whom was served the proposed bill of exceptions having returned the same without suggestion or amendment, and the said clerk having settled the proposed bill of exceptions as by law provided in such cases, a motion to strike out said affidavits because not shown to have been used on the determination of said motion, or identified in the bill of exceptions, must be overruled.

2. **New Trial:** EXCUSE FOR ABSENCE OF PARTY AND WITNESSES: HEARING AND RULING ON AFFIDAVITS: REVIEW. The ruling of the trial court upon a motion for a new trial, predicated upon the inability of the defeated party to attend the trial with his witnesses because of the impassable condition of the public highways, will not be disturbed when a counter showing

has been made which raises serious doubts as to the existence of the facts upon which the defeated party relies to excuse his non-attendance at the trial.

ERROR from the district court of Cuming county. Tried below before NORRIS, J.

*T. M. Franse,* for plaintiff in error.

*J. C. Crawford,* contra.

RYAN, C.

On the 25th day of July, 1890, Swan Olson filed his petition in the office of the clerk of the district court of Cuming county, Nebraska, in which he alleged that under an agreement between the plaintiff and defendant that plaintiff had cared for 400 steers for the defendant at the agreed price of $1.50 per head, and that by reason of said services the defendant was indebted to plaintiff in the sum of $600, with interest from May 1, 1890. On September 13, 1890, as shown by the record, the defendant answered, admitting the making of the contract sued upon, and that thereunder the defendant had delivered to the plaintiff 400 head of steers to be cared for by the terms of said agreement, and admitted that on the 5th day of May, 1890, the plaintiff took 374 of the said cattle to the place of delivery agreed upon in said agreement. For a cause of action in favor of defendant against the plaintiff, the defendant alleged that the plaintiff agreed to keep, feed, and care for the cattle during the time agreed upon, and that the plaintiff would be responsible for all cattle lost through his negligence; that on the 27th day of March, 1890, while said cattle were under the care of plaintiff, he, in plain violation of his agreement, carelessly and negligently allowed a large number of said cattle to be driven by a storm into the Logan river near plaintiff's premises, by reason of which negligence twenty-six of said steers were drowned,

and eighteen so injured, by being left in the water a long time, that they are of little value; that the value of the twenty-six steers drowned was $910, and the said eighteen steers were injured to the amount of $90; wherefore defendant asked for judgment that $640 of the sum claimed by plaintiff be set off against the claim of plaintiff, and that defendant have judgment for the sum of $360 and costs. On the 4th day of December, 1890, the plaintiff filed a reply denying each and every allegation of new matter set forth in the answer. On the 15th day of December, 1890, the defendant moved for a continuance on the ground of the absence of material testimony, and sickness and other causes set out in his affidavit, which motion was sustained and the cause continued.

The questions discussed in argument involve simply the propriety of overruling an application made for a continuance at the February term of the district court of Cuming county, by the defendant, and the overruling of defendant's motion for a new trial.

In respect to the application for a continuance, plaintiff in error concedes, in effect, that technically it was insufficient, a concession which we think is fully justified by an examination of the record.

Accompanying the motion for a new trial were several affidavits, probably those which we find in the record. With the submission of this cause for final determination the defendant submitted his motion for an order to strike from the files and suppress the affidavits attached to, and in support of, the motion for a new trial, for the reason that it does not appear that either of said affidavits were read in support of said motion or offered in evidence at the hearing on said motion, nor were said affidavits preserved in the bill of exceptions as required by law. Immediately following the motion for a new trial the record discloses several affidavits apparently attached to said motion; after which follows the journal entry as to the ruling upon the

Wheeler v. Olson.

motion for a new trial filed by the defendant, the exceptions of the defendant thereto, and the giving of forty days from the rising of the court to prepare his bill of exceptions. This is followed by a copy of the judgment in favor of the defendant for the amount of the verdict, $655.54, and costs, $60.88. There is then set out a copy of the supersedeas bond *in extenso*, with a copy of the approval of the clerk thereon. Subsequent to all these is the certificate of the clerk of said district court that the "foregoing is a true transcript of the petition, answer, reply, journal entry, and the original affidavits used in said case, and supersedeas bond, as the same are of record and on file in his office." This is accompanied by a stipulation of the parties that the foregoing is all of the evidence offered on either side on the motion for a new trial in this cause, and that this court may settle and sign the bill of exceptions. Not only so, but indorsed upon the purported bill of exceptions is a receipt signed by the attorney for plaintiff in the action in the district court, in which he states that the proposed bill of exceptions is returned without any suggestions or corrections. The history of this bill of exceptions is concluded with a certificate of the clerk that by virtue of authority in him vested he allows and signs the bill of exceptions and orders the same to be made a matter of record, etc., as though settled by the district judge.

From this showing it is satisfactorily apparent, first, that the so-called bill of exceptions contained all the testimony used on the hearing of the motion for a new trial; and, second, that the affidavits were used in evidence on said hearing. It therefore sufficiently appears that there is presented the motion for a new trial upon the same evidence as was considered by the district judge in his ruling upon said motion. It is possible that a very technical construction might find wanting some technical requirement of a bill of exceptions. No such omission has been pointed out, however, in the elaborate brief of the defendant in er-

ror, and if such omission exists it has escaped a careful ex-
amination of the record submitted in connection with the
motion for a new trial. It is but fair under such circum-
stances to accept as binding the stipulation of the parties
that the motion for a new trial is accompanied by all the
evidence used upon the hearing and determination of said
motion, and not by a hypercritical analysis to seek to de-
prive the parties of any rights that are fairly before us for
consideration.

The motion for a new trial was mainly based upon al-
leged impossibilities of defendant's attendance upon the
trial of the cause in the district court. Without incum-
bering the record with the details of dates, it is sufficient
to state generally that the case was not reached for trial
until after the date fixed for the trial in the calendar pre-
pared by the clerk; that, as often happens, it came on for
trial unexpectedly, because of the continuance of a case
preceding it, as to which it was expected that a week or
more would be consumed in its trial. It is asserted in the
affidavits that by reason of a deep snow, which it is claimed
obstructed the highway, the defendant was unable to attend
in person or to procure the attendance of necessary wit-
nesses, and that by reason of the sickness of one of the
defendant's attorneys the defendant had not been able prop-
erly to present his defense. The fact, however, remains
conceded, that T. M. Franse had been employed at a suf-
ficiently early date to have been prepared as an attorney to
present the case of his client, had the defendant, upon his
first knowledge of his employment, gone to him and laid
before him the facts which it would be necessary for him
to know in order to intelligently prepare and present his
defense. The affidavits show that for a long time, indeed
from the December term of court, the defendant had been
aware of the sickness of one of his attorneys, and that for
some time previous to the trial of this case he had known
that one of his attorneys whom he first employed to pre-

Wheeler v. Olson.

sent his defense had associated in the defense T. M. Franse, an attorney resident at the town where the trial was to take place.   It is but fair to Mr. Franse to state, in this connection, that he did everything that lay in the power of any attorney, under the circumstances which he found surrounding him, to notify his associates and the defendant in time to be prepared for the trial.   It is unfortunate that circumstances often require that witnesses should be kept in attendance sometimes for days on account of the uncertainty as to the time which will be occupied in the trial of a case standing for trial prior to that of the case in which the witnesses are in attendance; and yet, if the court is not to be interrupted in the continuity of its session, no other course can be safely adopted.   We cannot but sympathize with Mr. Franse's annoying situation when he found that unexpectedly a case, upon which he had counted as consuming several days, had been continued by reason of the sickness of one of the litigants, for this is a common experience with every practitioner.   It would, however, be too much extending the aid of the court of review to hold that such a condition of affairs entitled a too trusting party to a continuance of his case because, from necessity, another case had been continued by the trial court.

As to the inability of the defendant to travel and procure the attendance of necessary witnesses by reason of the obstructed condition of the roads, it is proper to observe that by the counter-affidavits of plaintiff and several other parties, it is shown that the roads were not impassable, and that the plaintiff, after it was known that the case preceding, upon the long existence of the trial of which they had relied, had been continued, had personally notified his witnesses and had them present in time for the trial when this case was called.   Not only so, but the plaintiff and perhaps some of his witnesses are shown to have traveled as far as forty-eight miles on the day preceding that upon which this trial was had.   Of necessity the presiding judge

in the district court must have had knowledge of circumstances which it is impossible to bring to the attention of this court. At any rate he is vested with a certain discretion as to granting a motion for a new trial based upon such grounds as are here presented, and in consideration of the affidavits and the facts therein stated, limited as we aré by the presumption which necessarily attaches in favor of the judgment of the district court as to questions of fact, we cannot say that the court improperly overruled the motion for a new trial. It follows, therefore, that the judgment of the district court must be, and is

AFFIRMED.

THE other commissioners concur.